IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,          )<br>          Plaintiff,          )<br>vs.          )<br>          )<br>Yoandra De La Torre,          )<br>          Defendant.          )<br>_____ ) | CR 13-425-TUC-JGZ (BPV)<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss Indictment, In the Alternative, Motion to Suppress Physical Evidence. (Doc. 20.) The motion was heard by Magistrate Judge Bernardo P. Velasco, who recommended that the Court deny the motion. In addition, Judge Velasco recommended that the Government be precluded from presenting expert witness testimony on any issue. (Doc. 34.) Defendant objects to the recommendation that her motion to dismiss the indictment be denied. (Doc. 38.) Defendant reasons that the Government cannot prove the charge of conspiracy to possess with intent to distribute marijuana because the marijuana was destroyed prior to lab testing and, thus, the indictment should be dismissed. The Government objects to the recommendation that it be precluded from presenting expert witness testimony. (Doc. 41.)

The Court reviews *de novo* the objected-to portions of a Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the

unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

The Court adopts Judge Velasco's recommendation that the Motion to Dismiss the Indictment be denied. Whether the Government can present evidence to prove beyond a reasonable doubt that the Defendant conspired to transport marijuana, is not an issue that the Court may determine prior to trial. *See* Fed. R. CRIM. P. 29(a) (after the government closes its evidence, the court may consider whether the evidence is sufficient to sustain a conviction); *United States v. Nukida*, 8 F.3d 665, 669-70 (9th Cir. 1993) (a court may not dismiss an indictment pretrial based on a challenge to the sufficiency of the evidence).

The Court declines to adopt the recommendation that the Government be precluded from presenting expert witness testimony at trial as this issue has not been fully briefed and was not presented to the Court for consideration. In addition, no factual findings were made in support of the recommendation.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) the Report and Recommendation (Doc. 34) is ACCEPTED AND ADOPTED in PART and REJECTED in PART.

(2) Defendant's Motion to Dismiss Indictment; In the Alternative, Motion to Suppress Physical Evidence (Doc. 20) is DENIED.

Dated this 5th day of August, 2013.

_____
Jennifer G. Zipps
United States District Judge